1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SINGLETON, | 1:10-cv-02006-LJO-JLT HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| v. | FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS  (Doc. 1) |
| J. D. HARTLEY, | ORDER DIRECTING THAT PETITION FILE |
| Respondent. | A RESPONSE TO THE ORDER TO SHOW CAUSE WITHIN THIRTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on October 20, 2010.[1]  A preliminary review of the Petition, however, reveals that the petition may be

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears

1

1  untimely and should therefore be dismissed.

2  **DISCUSSION**

3  A.  Preliminary Review of Petition

4  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

5  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

6  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

7  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

8  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

9  dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

10  Cir.2001).

11  The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

12  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

13  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

14  Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

15  Herbst.

16  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

17  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

18  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

19  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

20  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

21  (1997).  The instant petition was filed on October 10,  2010, and thus, it is subject to the provisions

22  of the AEDPA.

23  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

24  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

25  reads:

26  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

27

28  on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on October 20, 2010.  (Doc. 1, p. 8).

1    limitation period shall run from the latest of –

2            (A) the date on which the judgment became final by the conclusion of direct
     review or the expiration of the time for seeking such review;
3
4            (B) the date on which the impediment to filing an application created by
     State action in violation of the Constitution or laws of the United States is removed, if
     the applicant was prevented from filing by such State action;
5
6            (C) the date on which the constitutional right asserted was initially recognized by
     the Supreme Court, if the right has been newly recognized by the Supreme Court and made
     retroactively applicable to cases on collateral review; or
7
8            (D) the date on which the factual predicate of the claim or claims presented
     could have been discovered through the exercise of due diligence.

9        (2) The time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending shall
10    not be counted toward any period of limitation under this subsection.

11   28 U.S.C. § 2244(d).

12       The AEDPA's one-year statute of limitations, as embodied in § 2244(d)(1), applies to habeas

13   petitions challenging an administrative decision in the context of a parole board determination.

14   Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080

15   n. 4 (9th Cir. 2003).  Under subsection (d), the limitation period begins to run on "the date on which

16   the factual predicate of the claim or claims presented could have been discovered through the

17   exercise of due diligence."  In the context of a parole board decision, the factual basis is the parole

18   board's denial of a petitioner's administrative appeal.  Shelby, 391 F.3d at 1066; Redd, 343 F.3d at

19   1082-1083.

20       While an inmate is not permitted to lodge an administrative appeal of his parole decisions,

21   see Cal. Code Regs., tit. 15, § 2050 (repealed May 1, 2004), pursuant to California regulations,

22   decisions of the BPH following a hearing are considered "proposed decisions and shall be reviewed

23   prior to their effective date in accordance with" specified procedures.  Cal. Code Regs., tit. 15, §

24   2041(a) (2010)(Emphasis supplied).   In keeping with this state regulation, the BPH decision in this

25   case indicated that it would not be final for 120 days.  (Doc. 1, p. 170).  See Cal. Pen. Code §

26   3041(a), (b); Cal. Code Regs., tit. 15, § 2041 (f)(inmates sentenced under the Indeterminate

27   Sentencing Law) OR (h)(life sentence inmates).  Thus, although the "factual basis" for Petitioner's

28   claim would have been readily discoverable following the BPH hearing on September 10, 2008,

3

since that decision was only a proposed decision that did not become final until 120 days later, i.e., on January 8, 2009, the one-year period would have commenced the following day, i.e., on January 9, 2009. Such a view is consistent with the majority of federal courts in this district who have addressed the problem. See, e.g., Anderson v. Cate, 2010 WL 2793736, * 6 (E.D. Cal. July 14, 2010); Reid v. Haviland, 2010 WL 2889757, *2 (E.D. Cal. July 21, 2010); Riley v. Hartley, 2010 WL 2556832, *3-5 (E.D. Cal. June 21, 2010); Stotts v. Sisco, 2009 WL 2591029, *4 (E. D. Cal. Aug. 20, 2009); Nelson v. Clark, 2008 WL 2509509, *7-9 (E.D. Cal. June 23, 2008); Wilson v. Sisto, 2008 WL 4218487, *2 (E.D. Cal. Sept. 5, 2008). The one-year period would thus have commenced on January 9, 2009 and would have continued to run, absent applicable statutory or equitable tolling, until it expired 365 days later on January 8, 2010.

As mentioned, the instant petition was not filed until October 20, 2010, over eight months after the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling sufficient to account for that period of time, the petition is untimely and should be dismissed.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is

4

1    allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

2    appeal and the filing of an application for post-conviction or other collateral review in state court,

3    because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;

4    Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

5    allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.

6    In addition, the limitation period is not tolled during the time that a federal habeas petition is

7    pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.

8    Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a

9    petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing

10   a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

11   does not permit the reinitiation of the limitations period that has ended before the state petition was

12   filed.");  Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to

13   continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,

14   447 F.3d 1165, 1166 (9th Cir. 2006).

15        Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in

16   the California Court of Appeal, Second Appellate District, Division One, on December 23, 2009 and

17   denied on January 29, 2010.  (Doc. 1, p. 9); and (2)  petition filed in the California Supreme Court on

18   February 8, 2010, and denied on March 18, 2010.  (Doc. 1, p. 172).[2]

19        As mentioned, the one-year period commenced on January 9, 2009 and continued to run for

20   348 days, until Petitioner filed his first state petition on December 23, 2009.  At that point, Petitioner

21   had only 17 days remaining on his one-year period.  Assuming, without deciding, that both of these

22

23        [2]Although Petitioner does not specify the filing date for his petition in the California Supreme Court, the Court has
     accessed the electronic database for the California Courts to determine that date. The court may take notice of facts that are
24   capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R.
     Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a
25   source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United
     States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1
26   (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989);
     Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California
27   Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject
     to judicial notice.

28

                                                              5

state petitions were "properly filed" within the meaning of the AEDPA and therefore entitled to statutory tolling for the pendency of those petitions as well as for the interval separating them, the one-year period would have resumed the day following the denial by the California Supreme Court of his final state petition on March 18, 2010, and would have continued to run unimpeded until it expired 17 days later, i.e., on April 4, 2010.  As mentioned, Petitioner did not file the instant petition until October 20, 2010, over six months *after* the one-year period had expired.  Thus, unless Petitioner is entitled to further statutory tolling or to equitable tolling, the petition is untimely.

### D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly, the Court makes a preliminary finding that Petitioner is not entitled to equitable tolling.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544

6

U.S. 408, 418 (2005); <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005); <u>Smith v. Duncan</u>, 297 F.3d 809, 814 (9th Cir. 2002); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed above, the Court finds preliminarily that Petitioner has not met his burden with respect to the tolling issue. Accordingly, the petition appears to be late and should therefore be dismissed.

However, pursuant to the Ninth Circuit's mandate in <u>Herbst</u>, the Court will afford Petitioner an opportunity to respond to the Court's analysis of the timeliness issue and to present further evidence showing an entitlement to either statutory or equitable tolling sufficient to make the instant petition timely. For example, Petitioner may have presented additional state habeas petitions to the state courts that would entitle him to further statutory tolling. If that is the case, in his response, Petitioner should identify the state court(s) in which such petitions were filed, the dates on which those petitions were filed, and the dates of the state court decisions denying those petitions. Petitioner should provide copies of the state court decisions in support of any such tolling allegations.

## **<u>ORDER</u>**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **November 23, 2010**                      **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE