UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES SINGLETON, | ) | 1:10-cv-02006-LJO-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS PETITION FOR VIOLATION OF |
| v. | ) | THE ONE-YEAR STATUTE OF |
| | ) | LIMITATIONS  (Doc. 1) |
| | ) | |
| J. D. HARTLEY, | ) | ORDER DIRECTING THAT OBJECTIONS |
| | ) | BE FILED WITHIN TWENTY DAYS |
| Respondent. | ) | |
| | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on October 20, 2010.[1]  When a preliminary review of the Petition revealed that the petition may be

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the

1

untimely and should therefore be dismissed, the Court, on November 23, 2010, issued an Order to Show Cause why the petition should not be dismissed as untimely. (Doc. 8). That Order to Show Cause provided that any response should be submitted within thirty days. On December 17, 2010, Petitioner filed his response. (Doc. 10). After considering the points raised in Petitioner's response, the Court recommends dismissal of the petition as untimely.

## DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. In issuing the November 23, 2010 Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 20, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

---

running of the statute of limitation. Petitioner signed the instant petition on October 20, 2010. (Doc. 1, p. 8).

petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA's one-year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decision in the context of a parole board determination. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003). Under subsection (d), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In the context of a parole board decision, the factual basis is the parole board's denial of a petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083.

While an inmate is not permitted to lodge an administrative appeal of his parole decisions, see Cal. Code Regs., tit. 15, § 2050 (repealed May 1, 2004), pursuant to California regulations, decisions of the BPH following a hearing are considered "*proposed* decisions and shall be reviewed prior to their effective date in accordance with" specified procedures. Cal. Code Regs., tit. 15, § 2041(a) (2010)(Emphasis supplied). In keeping with this state regulation, the BPH decision in this case indicated that it would not be final for 120 days. (Doc. 1, p. 170). See Cal. Pen. Code §

3

1  3041(a), (b); Cal. Code Regs., tit. 15, § 2041 (f)(inmates sentenced under the Indeterminate
2  Sentencing Law) **OR** (h)(life sentence inmates).  Thus, although the "factual basis" for Petitioner's
3  claim would have been readily discoverable following the BPH hearing on September 10, 2008,
4  because that decision was only a proposed decision that did not become final until 120 days later,
5  i.e., on January 8, 2009, the one-year period would have commenced the following day, i.e., on
6  January 9, 2009.  Such a view is consistent with the majority of federal courts in this district who
7  have addressed the problem.  See, e.g., Anderson v. Cate, 2010 WL 2793736, * 6 (E.D. Cal. July 14,
8  2010); Reid v. Haviland, 2010 WL 2889757, *2 (E.D. Cal. July 21, 2010); Riley v. Hartley, 2010
9  WL 2556832, *3-5 (E.D. Cal. June 21, 2010); Stotts v. Sisco, 2009 WL 2591029, *4 (E. D. Cal.
10 Aug. 20, 2009); Nelson v. Clark, 2008 WL 2509509, *7-9 (E.D. Cal. June 23, 2008); Wilson v.
11 Sisto, 2008 WL 4218487, *2 (E.D. Cal. Sept. 5, 2008).  Thus, the one-year period would have
12 commenced on January 9, 2009 and would have continued to run, absent applicable statutory or
13 equitable tolling, until it expired 365 days later on January 8, 2010.

14        As mentioned, the instant petition was not filed until October 20, 2010, over eight months
15 after the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or
16 equitable tolling sufficient to account for that period of time, the petition is untimely and should be
17 dismissed.

18        C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)
19        Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed
20 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.
21 § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
22 governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531
23 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California
24 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
25 delay in the intervals between a lower court decision and the filing of a petition in a higher court.
26 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
27 by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curiam)(internal quotation marks and citations
28 omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the California Court of Appeal, Second Appellate District, Division One, on December 23, 2009 and denied on January 29, 2010. (Doc. 1, p. 9); and (2) petition filed in the California Supreme Court on February 8, 2010, and denied on March 18, 2010. (Doc. 1, p. 172). [2]

---

[2] Although Petitioner does not specify the filing date for his petition in the California Supreme Court, the Court has accessed the electronic database for the California Courts to determine that date. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

As mentioned, the one-year period commenced on January 9, 2009 and continued to run for 348 days, until Petitioner filed his first state petition on December 23, 2009. At that point, Petitioner had only 17 days remaining on his one-year period. Assuming, without deciding, that both of these state petitions were "properly filed" within the meaning of the AEDPA and therefore entitled to statutory tolling for the pendency of those petitions as well as for the interval separating them, the one-year period would have resumed the day following the denial by the California Supreme Court of his final state petition on March 18, 2010, and would have continued to run unimpeded until it expired 17 days later, i.e., on April 4, 2010. As mentioned, Petitioner did not file the instant petition until October 20, 2010, over six months *after* the one-year period had expired. Thus, unless Petitioner is entitled to further statutory tolling or to equitable tolling, the petition is untimely.

D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

In his response to the Order to Show Cause, Petitioner claims entitlement to equitable tolling because the attorney representing him during the parole hearing failed to apprise Petitioner of the

one-year limitation period for filing a federal petition.  (Doc. 10, pp. 3-4).  Petitioner submits a letter from his attorney, dated July 27, 2010, i.e., over three months after the one-year period had expired, asking Petitioner whether he wanted to file a federal petition.  (Doc. 10, p. 4).  Petitioner asserts in his response that, had he known of the one-year period, there is "no way I would not have filed a writ before" the period expired.  (Doc. 10, p. 3).

In essence, Petitioner contends that he is entitled to equitable tolling because of his attorney's negligence in failing to notify him about the AEDPA's one-year filing deadline.  Attorney negligence, however, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling to the 2244(d)(1) limitation period.  Holland v. Florida, 130 S.Ct. 2549, 2010 WL 2346549 at *13-14 (June 14, 2010); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003);  Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).  Only attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard, can be a basis for applying equitable tolling.  Spitsyn, 345 F.3d at 801.  In Spitsyn, the attorney was retained a full year in advance of the deadline, but completely failed to prepare or file a petition even though the attorney was repeatedly contacted by both the client and the client's mother, and a grievance was filed with the state bar association complaining about the lack of response.  Also, despite a letter terminating the representation and requesting the file, the file was not turned over until two months after the expiration of the filing deadline.  The conduct was held to be sufficiently egregious to warrant equitable tolling.  Id. at 798, 801.  It was still necessary, however, that the petitioner act with reasonable diligence.  Id. at 802.

Here, assuming, arguendo, that Petitioner's attorney was negligent in failing to advise him of the one-year statute of limitations, such negligence is not sufficiently egregious to meet the "extraordinary misconduct" standard upon which equitable tolling is based.  Spitsyn, 345 F.3d at 801.  The United States Supreme Court has held that simple negligence by an attorney in miscalculating the deadline for filing a federal petition is insufficient to justify equitable tolling. Holland, 130 S.Ct. 2549, 2010 WL 2346549 at *13-14.  The Court sees no meaningful distinction between the simple negligence of an attorney in failing to inform his client of the one-year limitation period and the simple negligence of an attorney in informing his client of the one-year period but

misinforming him of the actual deadline.  In both instances, the petitioner, through the simple negligence of his counsel, has not been given the accurate information needed to timely file his federal petition.

Moreover, Petitioner has not exhibited due diligence.  Unlike Spitsyn, where the petitioner and his family repeatedly requested action by the attorney and, in the end, the return of the file, Petitioner has included only a single letter from his attorney asking Petitioner whether he wanted to file a federal petition.  There is no evidence that Petitioner inquired any further about the time limitations for filing such a petition or that Petitioner sought to elicit such information from any other source.  Nor does it appear that Petitioner had retained his attorney for any purpose other than representing him at his parole hearing.  Absent an agreement to represent Petitioner in habeas proceedings in federal court, the Court cannot conclude that the attorney's conduct amounted to anything more than simple negligence.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed above, the Court finds that Petitioner has not met his burden with respect to the tolling issue.  Accordingly, the petition appears to be late and should therefore be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 7, 2011**                                             /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE